United States District Court
Southern District of Texas
**ENTERED**
August 10, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| United States of America, § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | | Civil Action H-22-3558 |
| § | | |
| Gary M. Laden and § | | |
| Patricia E. Laden, § | | |
| *Defendants*. § | | |

## MEMORANDUM AND RECOMMENDATION

The United States seeks to collect unpaid federal income taxes. Pending before the court is the United States of America's Motion for Summary Judgment and Brief in Support. ECF No. 16. This case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). ECF No. 23. The court recommends that the motion be **GRANTED**.

### *1. Background and Procedural Posture*

The government filed its summary judgment motion on April 11, 2023. ECF No. 16. Defendants' response was due May 2, 2023. No response was filed. Pursuant to the Court's April 23, 2023 Scheduling Order, the Joint Pretrial Order is due August 24, 2023, and Docket Call is September 7, 2023. ECF No. 21. In a June 6, 2023 joint Status Report, signed by counsel for both sides, the parties stated that "the United States' Motion for Summary Judgment and Brief in Support (ECF 16) is currently pending before the Court and ripe for determination." ECF No. 22. Defendants' counsel is receiving automated notices by email through the court's ECF system. *See id.* Nevertheless, no response to the motion for summary judgment has been filed.

In the Southern District of Texas, a failure to timely respond to a motion is taken as a representation of no opposition. S.D. Tex. L.R. 7.4. However, a "motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995). Instead, the court may accept the unopposed facts set forth in the summary judgment motion as undisputed. *See Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988) (affirming the district court's acceptance of the facts in support of the defendant's summary judgment motion as undisputed, where the plaintiff made no opposition to the motion); *Smith v. AZZ Inc.*, No. 20-cv-375-P, 2021 WL 1102095, at *1–3 (N.D. Tex. March 23, 2021) (citing *Eversley*, 843 F.2d at 174) (taking as true the facts set forth in the moving party's motion for summary judgment). Accordingly, these undisputed facts are taken from the United States' Motion for Summary Judgment. ECF No. 16.

Defendants filed federal income tax returns with the IRS for the years 2006–2010, 2012, 2014, and 2015. They reported income tax liabilities for those years. Beginning on October 22, 2012, the Secretary of the Treasury made joint assessments against Defendants for federal income taxes and penalties. The United States represents that Defendants were provided notice of and demand for payment of their income tax liabilities. As of April 1, 2023, Defendants have a total balance due in the amount of $684,420.03. The penalties and taxes owed are set forth in a table in the United States' Motion for Summary Judgment. ECF No. 16 at 2-3.

The United States has attached to its motion the IRS Forms 4340, which show the taxes and penalties that have been assessed against Defendants. ECF No. 16-1. The United States has also provided Revenue Officer Jacquelyn J. Frasier's declaration in

support of the motion. ECF No. 20. The declaration tabulates the taxes owed, explains that the Ladens were given notice of their tax liabilities, and sets forth the dates on which the assessments were made. The earliest assessment date is October 22, 2012. ECF No. 20 at 4–6.

## 2. *Summary Judgment Standard*

"Summary judgment is appropriate only if, viewing the evidence in the light most favorable to the nonmovant, 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Davenport v. Edward D. Jones & Co.*, 891 F.3d 162, 167 (5th Cir. 2018) (quoting Fed. R. Civ. P. 56(a)). No genuine issue of material fact exists if a rational jury could not find for the nonmoving party based on the complete record. *McMichael v. Transocean Offshore Deepwater Drilling, Inc.*, 934 F.3d 447, 455 (5th Cir. 2019) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

"The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)). If this burden is met, the nonmovant must then "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmovant must "go beyond the pleadings," using competent summary judgment evidence to cite to "specific facts" showing a genuine issue for trial. *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 468 (5th Cir. 2010) (quoting Celotex Corp., 477 U.S. at 324).

The court reviews all evidence and reasonable inferences in the light most favorable to the nonmoving party. *Lincoln Gen. Ins. Co.*, 401 F.3d at 350. "[C]onclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence[]'" are not enough to

3

defeat a properly supported motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). The nonmovant must "articulate the precise manner in which the submitted or identified evidence supports his or her claim." *CQ, Inc. v. TXU Mining Co.*, 565 F.3d 268, 273 (5th Cir. 2009) (quoting *Smith ex rel. Estate of Smith v. United States*, 391 F.3d 621, 625 (5th Cir. 2004)).

### *3. Analysis*

#### *a. Defendants are Liable to the United States for their Unpaid Taxes*

The United States based its original computation of Defendants' tax liability on the Defendants' own tax returns. The Secretary of the Treasury has now assessed taxes and penalties as shown on the Forms 4340 that have been attached to the government's motion. "An 'assessment' amounts to an IRS determination that a taxpayer owes the Federal Government a certain amount of unpaid taxes. It is well established in the tax law that an assessment is entitled to a legal presumption of correctness." *United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002). "A [Form 4340] Certificate of Assessment and Payment . . . [is] presumptive proof of a valid assessment where the taxpayer has produced no evidence to counter that presumption." *United States v. McCallum*, 970 F.2d 66, 71 (5th Cir. 1992). Defendants have not produced any evidence to rebut the amounts assessed. The court concludes that Defendants are liable to the United States in the amount of $684,420.03.

#### *b. The Statute of Limitations Has Not Expired*

Defendants have raised the statute of limitations as a defense. According to Defendants' Answer, the statute of limitations for tax years 2006–2011 has run because they filed their tax returns more than ten years before this lawsuit was filed.

4

Under 26 U.S.C. § 6502(a), the United States may collect a tax in a court proceeding only if the proceeding is commenced within ten years of the assessment. The limitations period runs from the assessment, not the date that the tax return was filed. The earliest assessment date at issue in this case is October 22, 2012. The lawsuit was filed on October 14, 2022. Defendants have not presented any evidence in support of their statute of limitations defense. The statute of limitations has not run. *Cf. United States v. Cabelka*, No. 7:16-CV-126, 2018 WL 844199, at *3 (N.D. Tex. Jan. 10, 2018).

### 4. Conclusion

Because there are no genuine issues of material fact and Plaintiff is entitled to judgment as a matter of law, the court recommends that the United States' Motion for Summary Judgment, ECF No. 16, be **GRANTED** and that the United States be awarded damages in the amount of $684,420.03, plus applicable pre- and post-judgment interest at the applicable rates.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on August 10, 2023.

Peter Bray
United States Magistrate Judge

5